JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: denise.barton@usdoj.gov

Attorney for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 04-00171 VRW |
| Plaintiff, | ) | |
| v. | ) | [PROPOSED] ORDER OF DETENTION |
| KARL GUIDRY, | ) | |
| Defendant. | ) | |

    This matter came before the Court on November 10 and 13, 2009 for a detention hearing. The Defendant, Karl Guidry, was present and represented by Chief Assistant Federal Public Defender Geoffrey D. Hansen. Assistant United States Attorney Denise Marie Barton appeared for the United States of America.

    An Amended Petition for Arrest Warrant for Offender Under Supervision (Form 12) was filed by the Probation Officer on October 30, 2009, alleging nine violations of the terms and conditions of supervised release.

    The Government requested detention and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing. The Government

also submitted <u>Exhibits 1- 7</u>, specifically <u>Exhibit 1</u>, Daly City Police Report, report date 12/26/08; <u>Exhibit 2</u>, Oakland Police Report, report dates 12/25/08-1/6/09; <u>Exhibit 3</u>, Oakland Police Report, report date 1/10/09; <u>Exhibit 4</u>, Daly City Police Report, report date 8/28/09; <u>Exhibit 5</u>, Photograph; <u>Exhibit 6</u>, Photograph; and <u>Exhibit 7</u>, Letter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

Fed. R. Crim. P. 32.1(a)(6) provides that "the magistrate judge may release or detain the person [alleged to have violated supervised release] under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." The Bail Reform Act of 1984, 18 U.S.C. § 3143(a) provides that the person shall be detained "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . . ."

Upon consideration of the facts, proffers, and arguments presented, the Court finds that although the Defendant has met his burden to show that he is not a flight risk, the Defendant has failed to meet his burden to show by clear and convincing evidence that the defendant is not likely to pose a danger to the safety of any other person or the community if released. The Court finds that the offense for which the defendant is on supervised release is a crime that involved the use of a firearm during commission of a bank robbery. The Court further finds that since his release in March 2007 from the sentence of imprisonment served on that offense, the defendant has a history of threats of violence to other persons, including the mother of his daughter and his step-father, and to himself. In December 2008 and January 2009, in the course of arguments with the mother of his child, he has threatened to kill her; said that their problems would be solved on the street; and made statements indicating that he had nothing to lose and would do harm to himself. In addition, in August 2009, the defendant threatened to kill his step-father. When he made this threat to his step-father, the defendant had a sword-like object in his possession, which was taken by the Daly City Police in August 2009. The Court further finds

<u>UNITED STATES V. GUIDRY</u>,
CR No. 04-00171 VRW,
[PROPOSED] ORDER OF DETENTION         2

persons in addition to the victims of these threats have observed the defendant making threats and acting in a threatening manner towards the mother of his daughter and himself on multiple occasions dating from 2005 through 2008. The Court finds that certain incidents in which the defendant threatened others followed the defendant attending and completing mental health counseling, which included an anger management component, from March 2007 through September 2007 under the supervision of the United States Probation Office. The Court further finds that the evidence shows that the defendant has, in the proffered circumstances, been unable to restrain himself and control his temper during arguments and has repeatedly used threats of violence or put others in fear during the course of arguments. Based on this history of threats and the defendant's apparent inability to control his temper, the Court has concerns that the defendant will act upon these threats and possibly injure another person or himself if released pending further proceedings on the Form 12.

The Court further finds that placing the defendant on home incarceration and electronic monitoring will not be sufficient to assure the safety of the community.

Accordingly, the Court concludes that the Defendant must be detained pending trial in this matter.

Dated: November 23, 2009

HONORABLE NANDOR J. VADAS
United States Magistrate Judge

UNITED STATES V. GUIDRY,
CR No. 04-00171 VRW,
[PROPOSED] ORDER OF DETENTION           3